OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with violating Administrative Code of the City of New York § 10-126 (c), which makes it unlawful for “any person avigating an aircraft to take off or land, except in an emergency, at any place within the limits of the city other than places of landing designated by the department of transportation or the port of New York authority.” Defendant has moved to dismiss the complaint for facial insufficiency. For the reasons stated below, the motion is denied.
*535 Defendant first argues that the accusatory instrument is defective for failing to allege that defendant took off or landed an aircraft. While it is true that the initial accusatory instrument, a universal summons, suffered such a defect, the People subsequently served a superseding information which alleges that defendant operated a motorboat, and that an individual who was attached to a parasail cabled to said boat took off from a platform at the rear of the boat. While not a model of pleading, the superseding information in effect alleges defendant’s “avigating” (defined in the Administrative Code as, inter alia, managing an aircraft, “whether controlled from the ground or otherwise”) the parasail, and that the parasail took off. (Administrative Code § 10-126 [a] [4].) Thus, the pleading is facially sufficient.
Defendant next contends that the parasail is not an “aircraft” as that term is defined in the Administrative Code. Instead, he argues, a parasail is a parachute, an item specifically excepted from the code definition of “aircraft.” His argument is unavailing.
“Aircraft” is defined as “[a]ny contrivance, now or hereafter invented for avigation or flight in the air, including a captive balloon, except a parachute or other contrivance designed for use, and carried primarily as safety equipment.” (Administrative Code § 10-126 [a] [1]; emphasis added.) The phrase “designed for use, and carried primarily as safety equipment” was clearly intended to modify the word “parachute.” Since a parasail is not used or carried primarily as safety equipment, it cannot be deemed a “parachute” under the Administrative Code. Accordingly, it is an “aircraft” subject to the prohibitions of Administrative Code § 10-126 (c).
Defendant further argues that in 66 RCNY 3-01 (Department of Business Services), “parachute” is defined separately from “aircraft.” However, defendant was not charged with violating those rules (which prohibit takeoffs and landings at locations other than those designated by the Commissioner of the New York City Department of Business Services), but with violating the Administrative Code. Thus, the definition found in the rules is inapplicable to the instant information.
Defendant’s final argument relies upon the doctrine of Federal preemption. He argues that the Federal Aviation Administration (FAA) has exclusive jurisdiction over civil aviation, and that a parasail, a “moored kite” under Federal law, cannot be deemed to be an “aircraft” under the Administrative Code. Finally, he argues that since he operates the subject *536 parasail pursuant to a waiver issued by the FAA, the waiver trumps local law.
Congress may preempt State authority by so stating expressly. (Pacific Gas & Elec. Co. v State Energy Resources Conservation & Dev. Commn., 461 US 190, 203 [1983].) Absent such explicit preemptive language, Congress’ intent to super-cede State law may be found from a “ ‘scheme of federal regulation * * * so pervasive as to make reasonable the inference that Congress left no.room for the States to supplement it’” (Fidelity Fed. Sav. & Loan Assn. v de la Cuesta, 458 US 141, 153 [1982], quoting Rice v Santa Fe El. Corp., 331 US 218, 230 [1947]). Even where Congress has not entirely displaced State regulation in a specific area, State law is preempted to the extent that it actually conflicts with Federal law. Such a conflict arises when “compliance with both federal and state regulations is a physical impossibility” (Florida Lime & Avocado Growers v Paul, 373 US 132, 142-143 [1963]), or where State law “stands as an obstacle to the accomplishment -and execution of the full purposes and objectives of Congress.” (Hines v Davidowitz, 312 US 52, 67 [1941].)
Under these principles defendant’s preemption argument must fall. First, in passing the Federal Aviation Act, Congress did not expressly state its intent to preempt State law. (Gustafson v City of Lake Angelus, 76 F3d 778, 783 [6th Cir], cert denied 519 US 823 [1996].)
Secondly, while it is undisputed by the parties that the Federal Government classifies parasails as moored kites, the Federal Government’s regulation of moored kites consists of only five provisions, none of which deal with the issue of locations for landing or takeoff. (Federal Aviation Administration Rules, 14 CFR, ch 1, subch F, part 101, subpart B.) Thus, the regulation found in the rules is a far cry from a scheme “ ‘so pervasive * * * that Congress left no room for the States to supplement it’ ”. (Fidelity Fed. Sav. & Loan Assn. v de la Cuesta, 458 US, supra, at 153.)
Finally, the waivers granted to defendant by the Federal Aviation Administration do not preempt the Administrative Code provisions. Those waivers do not address takeoff or landing per se. Moreover, they expressly waive only Federal Aviation Administration Rules (14 CFR) § 101.1 (a) (2); § 101.13 (a) (4) and § 101.15, none of which deal with authorized takeoff or *537 landing locations. Thus, the waivers are not in conflict with the City ordinance.
Defendant’s motion to dismiss the complaint is denied.